AUTOGRAPHIC REGISTER COMPANY, PLAINTIFF-APPELLEE, v. ALFRED LIRIO, TRADING AS LIRIO BASKET AND PAPER COMPANY, DEFENDANT-APPELLANT.

Submitted October 14, 1927—Decided January 5, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Charles P. Brewer.*

For the appellee, *Edwin F. Miller.*

PER CURIAM.

This is an appeal from a judgment in favor of plaintiff below entered upon a verdict directed by the learned trial judge.

The action was brought to recover the selling price of certain cash register machines and equipment.

The complaint was originally in two counts, one declaring upon book account and the other for the price and value of goods sold and delivered.

At the opening of the trial, and upon notice previously given, the complaint was amended by adding a third count declaring upon a trade acceptance.

It is upon this count that appellee seems to have stood at the trial, although the defense went in several directions.

It was upon the theory that recovery was sought upon the trade acceptance that the trial court directed the verdict.

As we find that there was error in such direction, we are not passing upon the other questions raised.

There was testimony that this trade acceptance was fully executed at the time of its delivery and was unconditional in its terms. There was also testimony that at the time of delivery it was in blank except for the signature of appellant, and was delivered to the appellee purely as an accommodation to it, and upon the agreement that it would not become due and payable unless and until the machines in question were made to operate satisfactorily.

There was therefore a question for solution by the jury. If the trade acceptance was, as contended for by the appellee, complete at the time of delivery, or if not complete, but, subsequently, was completed as agreed upon and was unconditional, then appellee was entitled to recover, but, upon the other hand, if it was not complete at delivery, and was filled out in a manner not authorized, and it was conditional as asserted by appellant, and such condition had not been met, then appellee was not entitled to have a recovery thereon.

For this reason, therefore, the judgment below is reversed, with costs.